Respondents.— Judgment dismissing complaint reversed upon the law and the facts, with costs, and judgment of foreclosure and sale directed for plaintiff, with costs. The bond and mortgage were signed and given to Finkelstein, with the name of the obligee and mortgagee blank, for the purpose of raising money in such manner as Finkelstein saw fit. The proof does not show that there were any limitations or conditions upon which the bond and mortgage were so delivered. Finkelstein's acts in filling in his own name as obligee and mortgagee and assigning the bond and mortgage to plaintiff were within the scope of his authority. There was, therefore, no equity in favor of defendants as against plaintiff. Furthermore, in signing and delivering the bond and mortgage as above stated, in conjunction with her husband, defendant Bertha Cantor lost her rights by estoppel attributable to the negligence of both husband and wife. (*People's Trust Co.* v. *Smith*, 215 N. Y. 488, 491, 493.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Rich and Young, JJ., dissent, being of opinion that plaintiff took the mortgage by assignment, subject to all equities and defenses, but, inasmuch as the proceeds of plaintiff's mortgage were applied, to the extent of $2,000, in satisfaction and discharge of a mortgage on the property of defendant Bertha Cantor, which was concededly valid, plaintiff's mortgage should be upheld to that extent. Settle order on notice.

ROBERT HOPPEN, JR., as Administrator, etc., of ROBERT V. HOPPEN, Deceased, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

In the Matter of the Petition of LORETTA ACUNTO, Respondent, to Compel PHILIP BERARDINI and MICHAEL BERARDINI, Respondents, and MODESTO BERARDINI, Appellant, to Render and Settle Their Account as Administrators, etc., of MARY BERARDINI, Deceased. JOHN PULLEYN, as Executor, etc., Respondent.— Order requiring administrators to render and settle their account affirmed, with ten dollars costs and disbursements, payable out of the estate, to respondents appearing and filing briefs. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

In the Matter of the Application of the BOARD OF FIRE COMMISSIONERS OF THE ROOSEVELT FIRE DISTRICT, Appellant, for an Order to Restrain and Enjoin LOUIS MARKS, Respondent, from Attempting to Act as Captain of Roosevelt Hose Company, No. 1, in Said Roosevelt Fire District, and from Interfering with the Department, Its Officers, Men and Equipment, etc.— Appeal from order denying motion to restrain Louis Marks from acting as captain of Roosevelt Hose Company, No. 1, dismissed, without costs. No action was commenced, and under no circumstances was there any authority for granting such an order. The determination in *Matter of Marks* (*post*, p. 876), decided herewith, disposes of the merits. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

In the Matter of the Application of FRANK A. CANBERG, Appellant, for an Order of Mandamus against ALBERT E. KLEINERT, as Superintendent of Buildings of the Borough of Brooklyn, City and State of New York, Respondent.— Order denying motion for peremptory mandamus order and order denying motion for reargument unanimously affirmed, with ten dollars costs and disbursements. If the property in question was, at the time of the passage of the Building Zone

Resolution, devoted to a non-conforming use, that use might be continued, and relator would be entitled to the certificate of occupancy as matter of strict legal right, to enforce which mandamus would lie. But the premises were not at that time devoted to such non-conforming use, and respondent's refusal of the certificate was, therefore, justified. Present — Lazansky, P. J., Rich, Young, Carswell and Scudder, JJ.

In the Matter of the Application of LOUIS MARKS, Respondent, for a Peremptory Mandamus Order to Compel EDWARD GOMBERT and Others, as Fire Commissioners of the Roosevelt Fire District, Nassau County, New York, Appellants, to Reinstate Said LOUIS MARKS as a Member and Captain of Roosevelt Hose Company, No. 1, of the Roosevelt Fire District, Nassau County, New York.*— Order annulling resolution of the board of fire commissioners, expelling petitioner as a member of the fire department of the village of Roosevelt, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that the rules of the fire department, adopted by the board of fire commissioners pursuant to the Village Law (§ 200, subd. 5)* did not require a notice of the charges or a hearing thereon. Said rule reserved in the board the power to remove a member at any time when in its opinion it is for the best interests of the fire department. Discretion was, therefore, lodged in the board of fire commissioners. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Seeger and Scudder, JJ., dissent upon the ground that the rule adopted did not comply with the spirit and intent of the statute. (*Cabana* v. *Holstein-Friesian Association*, 112 Misc. 262; 196 App. Div. 842; affd., 233 N. Y. 644.)

In the Matter of the Application of THE MORGAN DRUG COMPANY, Appellant, for an Order Compelling THE KELLS COMPANY, Respondent, to Submit to Arbitration.— Order denying, on reargument, motion for a stay and to compel arbitration affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

In the Matter of Proceedings Supplementary to an Execution under a Judgment in Favor of VINCENZO C. PARADISO, Appellant, v. FILOMENA CRESCENZA, Respondent.— Order opening default, in so far as appealed from, modified so as to provide for the payment of thirty dollars costs to be deducted from the judgment, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur. Settle order on notice; date of examination of judgment debtor to be fixed in the order.

JAKOB JOHANSEN, as Administrator, etc., of OSCAR OLSEN, Deceased, Appellant, v. TEBO YACHT BASIN COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

RAFFAELE LENZI, Respondent, v. JOHN RAGONETTI and ROSARIA RAGONETTI, Appellants, and Others, Defendants.— Interlocutory judgment, as resettled, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

MINNIE LIDDELL, Appellant, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Respondent.— Order dismissing complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.

* Affd., 251 N. Y. ——.   † Since amd. by Laws of 1927, chap. 650.— [REP.